IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

MICHAEL ARTHUR MCGIFFIN, #1320384 §

VS. § CIVIL ACTION NO. 6:10cv5

SHERRI L. MILLIGAN, ET AL. §

## ORDER OF DISMISSAL

Plaintiff Michael Arthur McGiffin, an inmate confined at the Beto Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to United States Magistrate Judge Judith K. Guthrie, who issued a Report and Recommendation concluding that the lawsuit should be dismissed. The Plaintiff has filed objections.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by the Plaintiff to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections of the Plaintiff are without merit.

One objection, in particular, should be mentioned. The Plaintiff complained that the Report and Recommendation did not address his retaliation claim. The Plaintiff's lawsuit concerned the Defendants refusing to permit him to take legal materials with him on a medical chain bus. The

1

focus of his lawsuit was being denied access to court, as opposed to retaliation. Nonetheless, he stated that during the course of the incident, he asked for a grievance form. He purportedly was the victim of retaliation because the Defendants knew he intended to file a grievance because he was not permitted to take his legal materials with him on the chain bus.

To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). For example, the law is well established that prison officials may not retaliate against an inmate who exercises his right of access to court. *Ruiz v. Estelle*, 679 F.2d 1115, 1153 (5th Cir. 1982), *opinion amended in part and vacated in part*, 688 F.2d 266 (5th Cir. 1982), *cert. denied*, 460 U.S. 1042 (1983); *Campbell v. Beto*, 460 F.2d 765, 768 (5th Cir. 1972). Officials likewise may not retaliate against an inmate for using the grievance system. *Jackson v. Cain*, 864 F.2d 1235, 1249 (5th Cir. 1989). A plaintiff must allege facts showing that the defendants possessed a retaliatory motive. *See Whittington v. Lynaugh*, 842 F.2d 818, 820 (5th Cir. 1988); *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1193 (5th Cir. 1985). The inmate must allege more than his personal belief that he was the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.), *cert. denied*, 522 U.S. 995 (1997); *Jones v. Greninger*, 188 F.3d at 324-25. Mere conclusory allegations of retaliation are not enough. *Moody v. Baker*, 857 F.2d 256, 258 (5th Cir. 1988). Moreover, he must show that "but for" a retaliatory motive, the defendants would not have engaged in the action. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995), *cert. denied*, 516 U.S.

1084 (1996). A plaintiff must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Id.* Finally, the retaliatory adverse act must be more than a *de minimis* act. *Morris v. Powell*, 449 F.3d 682 (5th Cir. 2006), *cert. denied*, 549 U.S. 1038 (2006). In *Morris*, the Fifth Circuit held that a job transfer from the commissary to the kitchen was *de minimis*, while a transfer to a more dangerous unit was a sufficiently adverse retaliatory act. *Id.* at 687.

In the present case, the Plaintiff specified that officials had already told him that he would not be permitted to take his legal materials with him on the chain bus before he ever mentioned the desire to file a grievance. He was told that he could take only hygiene items and a fan with him. The remainder of his property would be inventoried and stored during his absence. After he asked for a grievance form, he was still told that he could take only hygiene items and a fan with him. The remainder of his property was inventoried. He has not shown that the Defendants would not have engaged in any of their actions "but for" a retaliatory motive. Morever, he failed to allege facts showing that they engaged in any retaliatory actions that were more than *de minimis*. The retaliation claim, like the rest of the lawsuit, fails to state a claim upon which relief may be granted and is frivolous in that it lacks any basis in law and fact. It should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the Plaintiff's civil rights complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

The Plaintiff is placed on notice that the decision dismissing his civil rights claims pursuant to 28 U.S.C. § 1915A(b)(1) counts as a strike for purposes of 28 U.S.C. § 1915(g). He is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* either in any civil action or in any appeal of a civil action which is filed while he is incarcerated or detained in any facility, unless he is under imminent danger of serious physical injury.

**So ORDERED and SIGNED this 13th day of May, 2010.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**